## JACOB H. EDWARDS, in Error, *versus* THE COMMONWEALTH.

In an indictment on *St.* 1804, *c.* 120, § 2, for having in possession ten or more counterfeit bank bills, it is necessary to aver that the party accused had them in his possession *at the same time ;* an averment that he had them in his possession *on the same day,* is not sufficient.

An indictment found at the Municipal Court of the city of Boston, held in July 1833, alleged that Edwards, " on the twenty-second day of June," 1833, " at Boston aforesaid," had in his custody and possession ten similar false, forged and counterfeit bank bills, purporting to be bills of the Grand Bank, at Marblehead, and that he " did then and there " willingly aid and assist in rendering current each of these bills, knowing them and each of them to be counterfeit, with intent to utter and pass the same.  At the August term 1833, he was tried and convicted, and sentenced to the state prison for life.  In 1836, he sued out a writ of error returnable at the present term of the Supreme Judicial Court, assigning for error, that it is not alleged in the indictment that he had in his possession *at any one time*, ten similar counterfeit bank bills, knowing them to be counterfeit, with intent to pass the same ; and that it is not alleged that he had the bills in his possession for the purpose of aiding in rendering them current as true.

The *St.* 1804, *c.* 120, § 2, on which the indictment was founded, enacts, that if any person shall willingly aid or assist

*in* rendering current as true, any counterfeit bank bills &c. "and for that purpose shall possess, at any one time, any number not less than ten" of such similar counterfeit bank bills, &c. knowing the same to be counterfeit, with intent to utter or pass the same, &c., shall be punished by solitary imprisonment for a term not exceeding one year, and by confinement afterwards to hard labor for life.

*J. Codman,* for the prisoner, cited *Rex* v. *Horne,* Cowp. 682, 683, 684, 686 ; *Long's case,* Cro. Eliz. 490 ; 1 Wheeler's Crim. Cas. 94 ; 2 Hale's P. C. 178 ; *Cotton's case,* Cro. Eliz. 738 ; *The King* v. *Francis,* Rep. Temp. Hardw. 105 ; 1 Chit. Crim. Law, 275, 280, 281, 282, 286, 287 ; *Brown* v. *Commonwealth,* 8 Mass. R. 59 ; *Commonwealth* v. *Houghton,* 8 Mass. R. 107 ; *Williams's case,* 2 Leach, 602. The indictment follows the form in Davis's Precedents, 127, but the author produces no decision on the point in question, and his precedent on the 6th section of this statute, (*p.* 131,) and likewise the indictments in the two cases above cited from 8 Mass. R., contain the averment of possessing "at one and the same time" or "at one time".

*Austin,* (Attorney-General,) for the Commonwealth.

SHAW C. J. delivered the opinion of the Court. In order to charge a statute offence, in general it is not necessary to charge it in the words of the statute ; that rule applies only to certain technical terms and words of art, which have acquired a conventional meaning and cannot be dispensed with, such as "murdered," "feloniously," and the like. But every material ingredient, constituting the description of the offence in the statute, whether an act done, knowledge had, an intent or purpose entertained, or the existence of any collateral fact, must be affirmatively stated in plain, direct and intelligible language. We consider that a material part of the offence punishable by the statute cited, consists in possessing ten similar counterfeit bills, at one and the same time. It is therefore essential to the conviction of the accused, not only that he shall have had the ten bills in his possession, on the same day, but at the same moment. It intends to designate the aggravated offence of being a wholesale dealer in counterfeit bills, and fixes on the circumstance of having at one time a large number of similar

11*

*Edwards v. Commonwealth.*

*April 7th*

*April 8th.*

counterfeit bills, as showing him to be such a dealer, and as tending to prove that he is either himself chargeable with the forgery, or immediately connected with the actual counterfeiters. It is therefore punished as a highly aggravated offence, with the severest penalty known to the law except capital.

In comparing this indictment with these rules, it appears to the Court, that the indictment nowhere charges in terms or by any direct averment, that the prisoner had the number of ten counterfeit bills in his possession, at the same time. The first averment is, that on the 22d day of June he had in his possession, ten counterfeit bills. It then avers that he did then and there willingly aid and assist in rendering current, &c. The words "then and there" are relative, and refer to some foregone averment, and their effect must be determined by that allegation to which they refer. If that is a single act done, and it then avers that "then and there" another fact occurred, it necessarily imports, that the two were precisely co-existent, and the word "then" refers to a precise time. So, in the case of *Rhenwick* v. *Williams*, in 2 Leach's Crown Law, 602, the averment was that the accused, on a certain day, made an assault, and on the same day, inflicted the wound. *Non constat*, said the court in considering the question, that it was at the same time. But if the indictment had observed the usual form, that he made an assault, and then and there inflicted the wound, it would have averred them to be simultaneous, because the assault was a single act. But where the antecedent averment fixes no precise time, and alleges no precise, single, definite act, the word "then," used afterwards, fixes no one definite time.

The first averment in this indictment is, that on the day named the accused had in his possession, ten counterfeit bills. This would be true, if he had ten single bills, one at a time, at ten different times, on that day, though he had not ten at any one time. Suppose, instead of the simple words "then and there," the averment alluded to, had been substantially repeated under a *videlicet*, thus, "then and there, to wit, at said Boston, on the said day of &c." Now as the first averment was of such a nature, that it might be true, if taken distributively, that is, if the accused had had five bills on one part of

the day and three on another and two on another, the word
"then" afterwards used and referring to it, may be taken dis-
tributively too, and then it is equivalent to averring that at the
same time that he had the bills, he had the criminal intent of
passing them, and no more. The effect therefore of the whole
indictment is, that it nowhere charges, in terms or by any
equivalent direct averment, that the accused had the ten bills,
at any one time, with the guilty knowledge and fraudulent
intent contemplated. For these reasons, the Court are of
opinion, that the judgment was erroneous, and must be re-
versed.